```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- x
SUSAN MOSES, on behalf of herself              :
and all others similarly situated,             :          **MEMORANDUM & ORDER**
                                               :            14-CV-3131 (DLI)(SMG)
                       Plaintiff,              :
                                               :
        -against-                              :
                                               :
APPLE HOSPITALITY REIT INC.,                   :
GLADE M. KNIGHT, BRYAN PEERY,                  :
KENT COLTON, GLENN BUNTING, JR.,               :
RONALD A. ROSENFELD, ANTHONY                   :
FRANCIS KEATING, III, LISA B. KERN,            :
BRUCE H. MATSON, MICHAEL S.                    :
WATERS, and ROBERT M. WILY;                    :
                                               :
                       Defendants.             :
----------------------------------------------------------- x
```

**DORA L. IRIZARRY, U.S. District Judge:**

Plaintiff Susan Moses ("Plaintiff") filed the instant action against defendants Apple Hospitality REIT Inc. ("Apple Hospitality"), Glade M. Knight, Bryan Peery, Kent Colton, Glenn Bunting, Jr., Ronald A. Rosenfeld, Anthony Francis Keating, III, Lisa B. Kern, Bruce H. Matson, Michael S. Waters, and Robert M. Wily (the "Individual Defendants") (Apple Hospitality and the Individual Defendants are referred to collectively as "Defendants"), alleging various claims against Defendants arising out of Defendants' creation and management of a Dividend Reinvestment Program ("DRIP") for Apple Hospitality's shareholders. (*See* First Am. Compl. ("FAC"), Dkt. Entry No. 9.) Defendants move to strike portions of the FAC pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, and to dismiss the FAC under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (*See* Mem. of L. in Supp. of Defs.' Mot. to Dismiss ("Defs.' Mem."), Dkt. Entry No. 13.) Plaintiff opposes and moves for leave to amend the complaint. (*See* Pl.'s Opp'n, Dkt. Entry No. 14.)

1

For the reasons set forth in greater detail below, Defendants' motion is to strike is denied. Defendants' motion to dismiss is granted. Plaintiff's motion for leave to amend is granted in part and denied in part.

## BACKGROUND[1]

Plaintiff filed this action on behalf of herself and all then-existing and former shareholders of Apple Hospitality's REITs Seven and Eight, who purchased shares of REITs Seven and Eight under the DRIP between July 17, 2007 and February 12, 2014. (FAC ¶ 1.) The gist of the FAC is that Plaintiff and her purported class members "purchased shares in connection with the DRIP [that] were set unilaterally by Defendants who represented that the REITs were being sold at fair market value, while ignoring both internal and third-party reports that the actual value of these shares was much less." (*Id*. at ¶ 3.) The S-3 public filings that created the DRIP ("Forms S-3"), indicated that shares of Apple Hospitality's REITs Seven and Eight would be priced by one of two methods: "(a) the most recent price at which an unrelated person had purchased our units represents the fair market value of our units or, if the price is not indicative of fair value then; (b) in its good faith judgment, our board determines that there are other factors relevant to such fair market value." (*Id*. at ¶ 4 (quotation marks omitted).) Plaintiff alleges that Apple Hospitality ignored these metrics in setting the share price. (*Id*. at ¶¶ 5-6.) The FAC cites to, and at times quotes from, a February 12, 2014 Order Instituting Cease and Desist Proceedings by the Securities and Exchange Commission ("SEC") against Apple Hospitality that was entered into by the parties during litigation of the case before the SEC captioned, *In the Matter of Apple REIT Six Inc., et al.*, Admin. Proc. No. 3-15750 ("SEC Order"). (FAC ¶¶ 8-12, 66-74.)

---

[1] The facts are taken from the FAC, which is presumed true for purposes of the pending motion, as well as from extrinsic documents that the Court may consider in ruling on this motion.

Upon learning of the alleged improprieties regarding share pricing, Plaintiff filed the instant action against Apple Hospitality and the Individual Defendants, all of whom were officers or directors of Apple Hospitality. (*Id.* at ¶¶ 18-27.) In the FAC, Plaintiff asserts claims for breach of fiduciary duty, unjust enrichment, constructive trust, and, in the alternative, breach of contract. (*Id.* at ¶¶ 87-118.)

## DISCUSSION

**I.     Motion to Strike**

Defendants' ask the Court to strike any portion of the FAC that cites to or relies on the SEC Order on the ground that such consent judgments cannot be used as evidence in a subsequent litigation, and, thus, are immaterial and may not form the basis for any subsequent complaint. (Defs.' Mem. at 5-7.) Under Rule 12(f) of the Federal Rules of Civil Procedure, "[t]he court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Second Circuit has cautioned that "courts should not tamper with the pleadings unless there is a strong reason for so doing." *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976). The Second Circuit has emphasized further that Rule 12(f) is "designed for excision of material from a pleading, not for dismissal of claims in their entirety." *Day v. Moscow*, 955 F.2d 807, 811 (2d Cir. 1992) (citation omitted). Notwithstanding the Second Circuit's caution to avoid tampering with complaints, in *Lipsky*, the Circuit struck portions of the complaint at issue that referenced material contained in an earlier enforcement proceeding. *See Lipski*, 551 F.2d at 892-94 (affirming district court's decision striking portions of a complaint that referenced a consent judgment). In doing so, the Circuit explained, "we hold that neither a complaint nor references to a complaint which results

in a consent judgment may properly be cited in the pleadings *under the facts of this case*." *Lipsky*, 551 F.2d at 893 (emphasis added).

Defendants tether their motion to strike to the *Lipsky* holding, which some courts have read to require courts to strike as immaterial any "references to preliminary steps in litigations and administrative proceedings that did not result in an adjudication on the merits of legal or permissible findings of fact." *In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.*, 218 F.R.D. 76, 78 (S.D.N.Y. 2003); *accord Loreley Fin. (Jersey) No. 3 Ltd v. Wells Gargo Secs. LLC*, 2013 WL 1294668, at *14 (S.D.N.Y. Mar. 28, 2013) ("However, SEC settlements and consent judgments are generally not admissible as evidence and thus are not a proper basis for a complaint." (citing *Lipsky*, 551 F.2d at 891-94)). Other courts have rejected such a broad reading of *Lipsky*, noting that "[a] close reading of *Lipsky* reveals that it does not mandate the elimination of material from a complaint simply because the material is copied from another complaint." *VNB Realty, Inc. v. Bank of Am. Corp.*, 2013 WL 5179197, at *3 (S.D.N.Y. Sept. 16, 2013) (denying motion to strike); *accord In re Bear Stearns Mort'g Pass-Through Certs. Litig.*, 851 F. Supp. 2d 746, 768 n.24 (S.D.N.Y. 2012) (rejecting defendants' argument that *Lipsky* mandates that courts strike portions of consent judgments from subsequent complaints in favor of a case-by-case approach as "[n]either Circuit precedent nor logic supports such an absolute rule"). The Court declines to wade into this debate as this action can be resolved on other, well settled grounds. Accordingly, Defendants' motion to strike is denied.

II. **Motion to Dismiss**

   A. **Legal Standards**

Under Rule 8(a) of the Federal Rules of Civil Procedure, pleadings must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Pleadings are to give the defendant "fair notice of what the claim is and the grounds upon which it rests." *Dura*

4

*Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), overruled in part on other grounds by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555)).

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move, in lieu of an answer, for dismissal of a complaint for "failure to state a claim upon which relief can be granted." To resolve such a motion, courts "must accept as true all [factual] allegations contained in a complaint," but need not accept "legal conclusions." *Iqbal*, 556 U.S. at 678. For this reason, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to insulate a claim against dismissal. *Id*. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Notably, courts may only consider the complaint itself, documents that are attached to or referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, and matters of which judicial notice may be taken. *See, e.g.*, *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007).

**B.    Choice of Law**

As a threshold matter, Defendants seek a ruling on the issue of choice of law. (*See* Defs.' Mem. at 7-8.) Plaintiff argues that it is premature for the Court to rule on this issue. (*See* Pl.'s

Opp'n at 3.)[2] However, Plaintiff's argument lacks merit as discovery is unnecessary to resolve this issue with respect to the claims asserted. Indeed, courts routinely resolve choice of law issues at this stage in the litigation. *See Barbara v. Marinemax, Inc.*, 2012 WL 6025604, at *9 (E.D.N.Y. Dec. 4, 2012) (collecting cases). In analyzing the parties' arguments, the Court turns to New York choice of law rules because when "a case is before a federal court on diversity jurisdiction, the court will determine which state's law governs by applying the choice of law rules of the forum in which the court sits." *Elliott v. Nestle Waters North Am. Inc.*, 2014 WL 1795297, at *9 (S.D.N.Y. May 6, 2014) (citing *Schwartz v. Liberty Mut. Ins. Co.*, 539 F.3d 135, 147 (2d Cir. 2008)).

The Court finds that Plaintiff's claims for breach of fiduciary duty (Counts I through IV), constructive trust (Count V), and breach of contract (Count VII) are governed by Virginia law. With respect to Plaintiff's breach of fiduciary duty claims, "New York law dictates that the law of the state of incorporation governs an allegation of breach of fiduciary duty owed to a corporation." *Walton v. Morgan Stanley & Co Inc.*, 623 F.2d 796, 798 n.3 (2d Cir. 1980); *accord Barbara*, 2012 WL 6025604, at *9 (holding that Delaware law governed resolution of plaintiff's breach of fiduciary duty claims as the corporation was incorporated there). With respect to constructive trusts, "the law of the situs of the property" governs such claims, and "where property was in the form of shares," the law of the state of incorporation applies. *SEC v. Credit Bancorp., Ltd.*, 138 F. Supp. 2d 512, 531 (S.D.N.Y. 2001). As Apple Hospitality is a Virginia corporation (FAC ¶ 18), Virginia law governs resolution of the breach of fiduciary duty and constructive trust claims. Finally, when a contract contains a choice of law provision, New York applies the law of the state agreed to by the parties in the contact. *See Terwilliger v.*

---

[2] Notably, this argument stands in contrast to allegations contained in the FAC; namely, Plaintiff's assertion that her claims arise under Virginia law. (FAC ¶ 2.)

6

*Terwilliger*, 206 F.3d 240, 245 (2d Cir. 2000). The Forms S-3 contained a choice of law provision indicating that Virginia law governs. (*See* Form S-3 for REIT Seven at 21; Form S-3 for REIT Eight at 18, attached as Exhibit 1 to the Declaration of Richard L. Jarashow ("Jarashow Decl."), Dkt. Entry No. 12.)

The Court finds that Plaintiff's unjust enrichment claim (Count VI) is governed by New York law. Under New York choice-of-law analysis for unjust enrichment claims, two tests have emerged: "center of gravity" and "interest analysis." *Gerloff v. Hostetter Schneider Realty*, 2014 WL 1099814, at *9 (S.D.N.Y. Mar. 20, 2014) ("Whether to apply to an unjust enrichment claim New York's 'center of gravity' choice of law test applicable to contract disputes, or New York's 'interest analysis' test applicable to tort claims, is a matter of debate among district courts in this Circuit."). Both tests focus on the parties' domiciles and the locus of the tort or harm a plaintiff suffers. *See Burns v. Delaware Charter Guarantee & Trust Co.*, 805 F. Supp. 2d 12, 27 n.4 (S.D.N.Y. 2011); *In re Grand Theft Auto Video Game Consumer Litig.*, 251 F.R.D. 139, 148 (S.D.N.Y. 2008). Here, Plaintiff is domiciled in New York and suffered the alleged harm in New York. (FAC ¶ 17.) Thus, New York law applies.

### C. Application

#### 1. Fiduciary Duty Claims

In Counts I-IV, Plaintiff asserts claims for breach of fiduciary duty directly against the Individual Defendants, all of whom are directors or officers of Apple Hospitality, on behalf of herself and a class of certain Apple REIT Seven and Eight shareholders who elected to participate in the DRIP. (FAC ¶¶ 87-103.) As set forth above, Virginia law governs resolution of these claims.

It is well settled that Virginia adheres to a rule "requiring that suits for breach of fiduciary duty against officers and directors must be brought derivatively on behalf of the corporation and not as individual shareholder claims." *Simmons v. Miller*, 544 S.E.2d 666, 675 (Va. 2001) (emphasizing that suits against officers and directors must be brought derivatively and declining to adopt an exception for closely held corporations). When a plaintiff attempts to bring a direct claim against an officer or a director of a corporation, the claim must be dismissed. *See Remora Invs. LLC v. Orr*, 673 S.E.2d 845, 848-49 (Va. 2009) (affirming dismissal of a direct claim against an officer because such a claim must be brought derivatively). Indeed, "Virginia strictly adheres to the derivative-claim rule." *Gen. Tech. Applications, Inc. v. Exro Ltda.*, 388 F.3d 114, 119 (4th Cir. 2004).

The fiduciary duty claims asserted against the Individual Defendants, Counts I-IV, must be dismissed as such claims are not permitted under Virginia law. *See Firestone v. Wiley*, 485 F. Supp. 2d 694, 702 (E.D. Va. 2007) (dismissing direct fiduciary duty claim against individual defendants). Moreover, were Plaintiff to bring these claims derivatively, as a shareholder, they would fail as well. To bring a derivative action under Virginia law, shareholder-plaintiffs must serve a written demand upon the corporation to take suitable action. *See id*. at 700 (citing Va. Code § 13.1-672(B)). The pleadings do not contain any allegations as to Plaintiff's service of a written demand on Apple Hospitality. Thus, she would be unable to bring such claims derivatively. *See id.* at 700-01 (dismissing derivative breach of fiduciary duty claims as the shareholder-plaintiff failed to comply with Va. Code § 13.1-672(B)). Accordingly, Counts I-IV are dismissed.

### 2. Unjust Enrichment Claim

In Count VI, Plaintiff alleges a claim for unjust enrichment. As set forth above, resolution of this claim is governed by New York law.

To state a claim for unjust enrichment under New York law, a plaintiff must allege that: (1) "the defendant was enriched at the plaintiff's expense"; and (2) "equity and good conscience require the plaintiff to recover the enrichment from the defendant." *Giordano v. Thomson*, 564 F.3d 163, 170 (2d Cir. 2009). Notably, "[a] cause of action for unjust enrichment sounds in quasi-contract and cannot lie where an enforceable contract governs the disputed matter." *Speedfit LLC v. Woodway USA, Inc.*, 2014 WL 5093161, at *12 (E.D.N.Y. Oct. 10, 2014) (citing *Lobajo v. Best Buy Stores, L.P.*, 478 F. Supp. 2d 523, 530-31 (S.D.N.Y. 2007)). However, "[w]hen there is a bona fide dispute as to the existence of a contract, a party may proceed upon a theory of unjust enrichment, and an unjust enrichment claim may be alleged alongside a breach of contract claim" under the liberal pleading standards of Rule 8(e)(2) of the Federal Rules of Civil Procedure. *See Lobajo*, 478 F. Supp. 2d at 531.

Turning to the instant action, the FAC contains a claim for unjust enrichment (Count VI), as well as a claim for breach of contract (Count VII), which was pleaded "In the Alternative." (FAC ¶¶ 107-18.) Defendants seek to dismiss the unjust enrichment claim on the ground that the rights of the parties are governed by an enforceable contract, namely, the Authorization Form attached to the Forms S-3. (*See* Defs.' Mem. at 16.) Plaintiff contends that dismissal of the unjust enrichment claim is improper because she should be permitted to plead the contract claim in the alternative. (Pls.' Opp'n at 18.) Additionally, Plaintiff contends that her breach of contract claim should not be construed as her assent to the existence of an enforceable contract between the parties and that without such a contract, her claim is permissible. (*Id*. at 18-19.)

The Court has carefully reviewed the cases upon which the parties rely. It is apparent that, when a valid, enforceable contract exists, courts dismiss unjust enrichment claims because the parties' relationship is said to be governed by the terms of the contract. *See Matana v. Merkin*, 957 F. Supp. 2d 473, 495 n.10 (S.D.N.Y. 2013) (explaining that dismissal of an unjust enrichment claim is appropriate when a valid contract exists and distinguishing that fact pattern from a case involving a "fog of multiple contracts, sub-agreements and Placement Memos" that made it impossible to determine, without discovery, whether a contract existed); *Lobajo*, 478 F. Supp. 2d at 531 (denying motion to dismiss unjust enrichment claim as "it is far from clear that there was an enforceable contract here"). Courts permit both claims to proceed, alternatively, when the existence of a contract is highly contested. *See, e.g.*, *Speedfit*, 2014 WL 5093161, at *13 (denying motion to dismiss unjust enrichment claim because "[w]hile plaintiff's unjust enrichment claim is derived from the same set of facts as plaintiff's breach of contract claim, plaintiff may plead alternative theories of liability at this stage because [defendant] disputes the existence of an agreement").

Regarding the DRIP at issue in this case, the Forms S-3 constituted a valid contract as the Forms S-3 set forth the terms of the purchase agreement and contained a signature page. Under these circumstances, dismissal of the unjust enrichment claim is warranted. Indeed, another court tackling similar claims arising out of the purchase of shares of various Apple REITs dismissed such claims on the ground that similar authorization forms constituted valid, enforceable contracts. *See in re Apple REITs Litig.*, 2013 WL 1386202, at *20 (E.D.N.Y. Apr. 3, 2013) (dismissing unjust enrichment claim as "[t]he Subscription Agreements and Acknowledgment of Risk forms between Plaintiffs and Defendants constitute the basis on which the rights of the parties are governed, rather than a theory of unjust enrichment"); *see also*

*Matana*, 957 F. Supp. 2d at 495 n.10 (granting motion to dismiss unjust enrichment claim regarding the purchase of securities because the subscription applications incorporated by reference in the prospectus constituted a contract). Accordingly, Count VI is dismissed.

### 3. Constructive Trust Claim

In Count V, Plaintiff alleges a claim for constructive trust against Apple Hospitality. (FAC ¶¶ 104-06.) As set forth above, resolution of this claim is governed by Virginia law. Under Virginia law, courts may impose a constructive trust as a remedy; however, "[t]o the extent that [a plaintiff] raises [constructive trust] as [a freestanding] cause[] of action," it should be dismissed. *Clarke v. Newell*, 2005 WL 3157570, at *4 (E.D. Va. Nov. 23, 2005) (dismissing constructive trust as a cause of action, but permitting it to remain as a remedy); *accord Johnson v. D & D Home Loans Corp.*, 2007 WL 4055278, at *4 (E.D. Va. Dec. 6, 2007) (recognizing plaintiff's plea for a constructive trust as a remedy and not a cause of action). Thus, Plaintiff's freestanding claim for a constructive trust is not permitted under Virginia law. Accordingly, Count V is dismissed.

### 4. Breach of Contract Claim

In Count VII, Plaintiff alleges a claim for breach of contract. As set forth above, resolution of this claim is governed by Virginia law.

To allege a claim for breach of contract under Virginia law, a plaintiff must show: "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *Covarrubias v. CitiMortgage, Inc.*, 2014 WL 6968035, at *2 (E.D. Va. Dec. 8, 2014) (quoting *Filak v. George,* 267 Va. 612, 619, 594 S.E.2d 610 (2004)). In the FAC, Plaintiff alleges that "in the event that there is a valid contract that governs the relationship between the parties . . .

Defendants breached the contract." (FAC ¶ 113.) Defendants correctly note that such minimalist pleadings are insufficient under *Twombly* and its progeny. (Defs.' Mem. at 17.) Indeed, similarly pleaded claims do not survive dismissal under Virginia law. *See, e.g.*, *Minor v. Tyson Foods, Inc.*, ___ F. Supp. 3d ___, 2014 WL 5018859, at *4 (W.D. Va. Oct. 7, 2014) (dismissing a bare-bones breach of contract claim under Rule 12(b)(6) as the claim was "not supported by 'enough facts to state a claim to relief that is plausible on its face'" under the *Twombly* standard). Accordingly, Count VII is dismissed.

### 5. Defendants' Additional Arguments

Because the Court has dismissed each of Plaintiff's claims, the Court declines to entertain Defendants' additional arguments in support of dismissal of the FAC.

## III. Leave to Amend

In her opposition, Plaintiff requests leave to amend her claims (Pls.' Opp'n at 24), and courts must freely grant such leave "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, a "district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Holmes v. Grubman,* 568 F.3d 329, 334 (2d Cir. 2009) (quotation marks omitted). "A proposed amendment to a pleading would be futile if it could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." *Martin v. Dickson,* 100 F. App'x 14, 16 (2d Cir. 2004) (summ. or.).

For the reasons discussed above, the Court finds that any amendment of the fiduciary duty, unjust enrichment, or constructive trust claims would be futile as those claims would not survive a subsequent motion to dismiss. However, at this stage, the Court cannot say that amendment of the breach of contract claim would be futile. Accordingly, Plaintiff is granted leave to amend the breach of contract claim only.

## CONCLUSION

For the reasons set forth above, Defendants' motion to strike is denied. Defendants' motion to dismiss is granted. Plaintiff's motion for leave to amend is granted in part and denied in part. Counts I-VI are dismissed with prejudice. Count VII is dismissed without prejudice, but leave to amend is granted in accordance with this Order. Any amended complaint must be filed no later than April 6, 2015. Failure to comply by April 6, 2015 will result in entry of an order of dismissal.

SO ORDERED.

Dated: Brooklyn, New York
      March 9, 2015

/s/
DORA L. IRIZARRY
United States District Judge