UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------------x

SUSAN MOSES, on behalf of herself and all others similarly situated,

                              Plaintiff,

        -against-

APPLE HOSPITALITY REIT, INC.,

                              Defendants.

----------------------------------------------------------------------x

ORDER
14-CV-3131 (SMG)

GOLD, STEVEN M., U.S. Magistrate Judge:

On May 5, 2017, plaintiffs moved for preliminary approval of a class settlement and related relief. Docket Entry 47. The motion was subsequently referred to me for Report and Recommendation. Order dated May 11, 2017. On September 7, 2017, the parties consented to reassignment of this action to me for all purposes related to settlement. Docket Entry 64. Chief United States District Judge Irizarry endorsed the parties' agreement on September 8, 2017. Docket Entry 65.

I held a conference with respect to plaintiffs' motion on July 7, 2017. Questions about the motion were discussed at that time, and the parties were asked to submit a supplemental memorandum of law and to make minor modifications to the settlement agreement and proposed long form and summary notice. *See* Transcript of Proceedings held on July 7, 2017, Docket Entry 54. The parties submitted revised documents on August 21 and 25, 2017. Docket Entries 60, 61, and 63.

The parties' most recent submissions adequately address the concerns raised by the Court at the hearing on July 7, 2017. In particular, plaintiffs' Amended Memorandum of Law ("Am. Mem."), Docket Entry 61, satisfactorily explains why plaintiff Moses, who purchased shares in

what the parties refer to as A8 but not in A7, may nevertheless serve a proper class representative of purchasers of both.  Am. Mem. at 10.  The parties have also expounded upon why, although the settlement amount reflects only a small percentage of the damages plaintiffs assert they could prove at trial, the litigation risks are sufficiently substantial to conclude that the amount is fair and reasonable.  Am. Mem. at 15-18.  The parties have likewise more thoroughly explained the basis for the allocation plan contemplated by the settlement agreement, Am. Mem. at 19-22, and that appears to be fair and reasonable as well.  Finally, the parties have amended the settlement agreement and both forms of notice to absent class members largely as was discussed during the hearing on July 7, 2017.  Docket Entry 60.

Accordingly, the Court is prepared to enter the proposed Order Preliminarily Approving Class Action Settlement submitted as Docket Entry 60-2.  Counsel shall submit a revised version of the proposed order by September 18, 2017 that includes suggested dates for each relevant event, after contacting my chambers to determine the Court's availability for a final fairness hearing.

SO ORDERED.

_____/s/_____
STEVEN M. GOLD
United States Magistrate Judge

Brooklyn, New York
September 11, 2017

U:\#DJM 2017-2018\Moses v. Apple Hospitality REIT, Inc. et al. 14-cv-3131 (DLI)\Prelim Approval Order.docx