UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUSAN MOSES, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> APPLE HOSPITALITY REIT INC., <br><br> Defendant. | Case No. 1:14-cv-03131 (SMG) |

## [PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, PRELIMINARILY CERTIFYING SETTLEMENT CLASS, AND APPOINTING INTERIM CLASS COUNSEL

GOLD, STEVEN M., U.S. Magistrate Judge:

WHEREAS, the above-titled putative class action (the "Class Action" or the "Litigation") is pending before the Court;

WHEREAS, Plaintiff and Defendant have entered into a Stipulation of Settlement dated August 25, 2017 which is subject to review and approval under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of the Litigation (the "Settlement") and the dismissal of the Litigation with prejudice;

WHEREAS, the Court has read and considered the Stipulation of Settlement[1] and exhibits thereto, and the accompanying documents;

---

[1] Unless otherwise stated, all capitalized terms used herein have the meanings defined in the Stipulation of Settlement.

WHEREAS, the Counsel for Plaintiff have submitted, and the Court has reviewed, a motion and accompanying memorandum of law supporting preliminary approval of the proposed Settlement; and

WHEREAS, the Parties to the Settlement have consented to the entry of this Order, the Court:

NOW, THEREFORE, HEREBY ORDERS, ADJUDGES AND DECREES THAT:

1.      Pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court preliminarily certifies the following Settlement Class (the "Class"): Any person in the United States who participated in the DRIPs for Apple REIT Seven and/or Apple REIT Eight from July 17, 2007 to June 27, 2013 inclusive[2].

2.      Pursuant to Fed. R. Civ. P. 23, and for purposes of this Settlement only, the Court hereby preliminarily appoints Susan Moses as class representative of the Class ("Class Representative").

3.      The Court preliminarily finds that the prerequisites for maintaining a class action under Rule 23(a) of the Federal Rules of Civil Procedure have been satisfied for the Settlement Class in that: (a) the number of Class members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to each member of the Class; (c) the claims of the Class Representative are typical of the claims of the members of the Class she seeks to represent; and (d) Plaintiff will fairly and adequately represent the interests of the Class.

---

[2]Excluded from the proposed Class are: (a) Defendant, any entity in which Defendant has a controlling interest or which has a controlling interest in Defendant; (b) Defendant's legal representatives, predecessors, successors and assigns; and (c) any persons who affirmatively exclude themselves from the Class pursuant to the procedures described in the Notice.

4.     Plaintiff also satisfies Federal Rule of Civil Procedure 23(b)(3).  Common questions of law and fact predominate and a class action is the superior method available to fairly and efficiently litigate this class action involving the sale of securities.

5.     Having considered the factors set forth in Fed. R. Civ. P. 23(g)(1) and the qualifications of Plaintiff's counsel submitted to the Court, the Court hereby preliminarily appoints Salas Wang LLC, Eccleston Law, LLC, and Law Office of Christopher J. Gray, P.C. as Interim Class Counsel.

6.     The Court preliminarily concludes that the Settlement was negotiated in good faith and is fair, reasonable and adequate, subject to proof to this Court's satisfaction in connection with Final Approval. *See* Fed. R. Civ. P. 23(e). Accordingly, the Court hereby preliminarily approves the Settlement.

7.     The Court reserves the authority to approve the Settlement with or without modification and with or without further notice of any kind.  The Court further reserves the authority to enter its Final Order and Judgment approving the Settlement and dismissing the Claims against Defendant on the merits and with prejudice regardless of whether it has awarded attorneys' fees and expenses.

8.     A Final Fairness Hearing (which, from time to time, and without further notice to the Class other than by filing a notice on the docket in the Class Action in advance of the Final Fairness Hearing, may be continued or adjourned by order of this Court) will be held by this Court on January 16, 2018 at 4:30 p.m. for the following purposes:

(a)     to finally determine whether the Class satisfies the applicable prerequisites for certification under Fed. R. Civ. P. 23(a) and 23(b)(3);

(b) to finally determine whether the Settlement should be approved by the Court as fair, reasonable and adequate and in the best interests of the Class;

(c) to determine whether a Final Order and Judgment should be entered pursuant to the Stipulation of Settlement, dismissing the Class Action with prejudice as against the Plaintiff and the Class;

(d) to determine whether the proposed Plan of Allocation of the settlement fund set forth in the Notice is fair and reasonable, and should be approved by the Court;

(e) to consider any request by counsel for an award of attorneys' fees and reimbursement of litigation expenses;

(f) to hear and determine any objections to the Settlement or to any request by counsel for an award of attorneys' fees and reimbursement of litigation expenses; and

(g) to rule on such other matters as the Court may deem appropriate.

9. The Court approves the substance and requirements of the Notice, in the form annexed as Appendix "A" hereto.

10. No later than October 10, 2017, Interim Class Counsel shall mail, or cause to be mailed, the Notice to those Class members who can be identified through reasonable effort. Not later than October 20, 2017, Interim Class Counsel shall also cause a summary notice in the form annexed hereto as Appendix "B" to be published via PR Newswire or another national wire service and shall establish a website that will (at a minimum) provide Class members with access to this Order, the Stipulation of Settlement, the Notice, and all of the papers before the Court on this motion.

11. The Court finds that mailing and dissemination of the Notice, as described herein, constitutes the best notice practicable under the circumstances and is due and sufficient notice of

the matters set forth in the Notice to all Class Members, and fully satisfies the requirements of due process and of Rule 23 of the Federal Rules of Civil Procedure.

12.     The Court will consider any objections, and comments in support of or in opposition to the Settlement, the Plan of Allocation, or any request by counsel for an award of attorneys' fees and reimbursement of litigation expenses, only if such comments and any supporting papers are in writing and filed with the Clerk of the Court, United States District Court for the Eastern District of New York,  225 Cadman Plaza East, Room 130, Brooklyn, NY 11201, and copies of all such papers are served, on or before December 29, 2017 upon each of the following by U.S. Mail and e-mail:

> Jeffrey M. Salas
> SALAS WANG, LLC
> 73 West Monroe, Suite 219
> Chicago, IL 60603
> (312) 803-4963
> (312) 244-3151 (fax)
> jsalas@salaswang.com
>
> James J. Eccleston
> Stephany D. McLaughlin
> ECCLESTON LAW, LLC
> 55 West Monroe, Suite 610
> Chicago, IL  60603
> (312) 332-0000
> (312) 332-0003 (fax)
> jeccleston@ecclestonlaw.com
>
> Christopher J. Gray
> Michael J. Giarrusso
> LAW OFFICE OF CHRISTOPHER J. GRAY, P.C.
> 360 Lexington Avenue, 14th Floor
> New York, New York 10017
> (212) 838-3221
> (212) 937-3139 (fax)
> chris@investorlawyers.net

Any replies to any objections or comments shall be filed and served no later than January 5, 2018.

13.     Attendance at the Final Fairness Hearing is not necessary; however, persons wishing to be heard orally with respect to the approval of the Settlement, the Plan of Allocation, and/or any request by counsel for an award of attorneys' fees and reimbursement of litigation expenses, are required to indicate in their written comments or objections their intention to appear at the Final Fairness Hearing.

14.     Persons who intend to object to the Settlement, the Plan of Allocation, and/or any request by counsel for an award of attorneys' fees and reimbursement of litigation expenses and desire to present evidence at the Final Fairness Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Final Fairness Hearing.  Class members do not need to appear at the hearing or take any action to indicate their approval.

15.     Any person or entity who fails to object in the manner provided above shall be deemed to have waived such objection (including the right to appeal), and absent good cause found by the Court shall forever be barred from making any such objection in the Class Action or any other action or proceeding or otherwise contesting any aspect of the Settlement, but shall otherwise be bound by the Final Order and Judgment to be entered and the releases to be given.

16.     All parties are hereby notified that final approval of the Settlement would result in the dismissal, with prejudice, of all claims in the Litigation.

17.     This Order, the Stipulation of Settlement, and any negotiations, discussions, or proceedings in connection with this Settlement shall not be offered or received against Defendant as evidence of, or deemed to be any admission or confession by Defendant, of the truth of any of

the claims, allegations, facts, subjects, or issues that were or could have been set forth or raised in the Litigation.

SO ORDERED.

Dated: Brooklyn, New York
     September 19, 2017

_Steven M. Gold_
_____
STEVEN M. GOLD
United States Magistrate Judge

# APPENDIX "A"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUSAN MOSES, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> APPLE HOSPITALITY REIT, INC., <br><br> Defendant. | Case No. 1:14-cv-03131 (SMG) |

**NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION
AND PLAN OF ALLOCATION**

TO:    **ALL PERSONS IN THE UNITED STATES WHO ACQUIRED SHARES OF APPLE REIT SEVEN AND/OR APPLE REIT EIGHT PURSUANT TO THE APPLE REITS' DISTRIBUTION REINVESTMENT PLANS ("DRIPs") BETWEEN JULY 17, 2007 AND JUNE 27, 2013, INCLUSIVE.**

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

**YOUR RIGHTS MAY BE AFFECTED BY THE LEGAL PROCEEDINGS IN THIS ACTION.**

**IF YOU WISH TO COMMENT IN FAVOR OF THE SETTLEMENT OR OBJECT TO THE SETTLEMENT, YOU MUST FOLLOW THE DIRECTIONS IN THIS NOTICE.**

**YOU MAY BE ELIGIBLE TO RECEIVE MONEY FROM THE SETTLEMENT OF THIS LAWSUIT.**

**TO RECEIVE MONEY FROM THIS LAWSUIT, YOU DO NOT NEED TO SUBMIT ANYTHING. AS SHOWN BELOW, YOU WILL RECEIVE A VERIFICATION FORM INDICATING YOUR CALCULATED NET AFFECTED SHARE BALANCE FROM THE SETTLEMENT ADMINISTRATOR AFTER FINAL APPROVAL OF THE SETTLEMENT. YOU MAY DISPUTE THIS INFORMATION WITH THE SETTLEMENT ADMINISTRATOR.**

**IF YOU DO NOT WISH TO PARTICIPATE IN THE SETTLEMENT, YOU MAY REQUEST TO BE EXCLUDED FROM THE SETTLEMENT BY SUBMITTING A VALID REQUEST FOR EXCLUSION THAT MUST BE POSTMARKED ON OR BEFORE DECEMBER 29, 2017. IF YOU RECEIVED THIS NOTICE ON BEHALF OF A SETTLEMENT CLASS MEMBER WHO IS DECEASED, YOU SHOULD PROVIDE THE NOTICE TO THE AUTHORIZED LEGAL REPRESENTATIVE OF THAT SETTLEMENT CLASS MEMBER.**

## I.     THE PURPOSE OF THIS NOTICE

This Notice is being sent pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Eastern District of New York (the "District Court") to inform you: (a) of the pendency of a class action lawsuit currently pending in the District Court under the above caption (the "Action" or the "Class Action") against Apple Hospitality REIT, Inc. ("AHR" or "Defendant"); (b) that the Class Action has been preliminarily certified by the District Court to proceed as a class action on behalf of the Class of persons in the United States who acquired shares of Apple REIT Seven, Inc. ("A7") and/or Apple REIT Eight, Inc. ("A8" or, jointly with A7, the "Apple REITs") pursuant to the Apple REITs' Distribution Reinvestment Plants (the "DRIPs") between July 17, 2007 and June 27, 2013, inclusive ("Class"); and (c) that a proposed settlement (the "Settlement") has been reached by Plaintiff and Defendant (the "Parties") in the Action.

The District Court has preliminarily approved the Settlement, whose terms are set forth in the Settlement Agreement, which is available at www.AppleReitSettlement.com. You have received this Notice because Defendant's records indicate that you may be a member of the Class. This Notice is designed to inform you of your rights, how you can agree to or dispute the Verification Form, and how you can comment in favor of the Settlement or object to the Settlement.

If the Settlement is finally approved by the District Court, the Settlement will be binding upon you, unless you exclude yourself, even if you dispute the Verification Form and even if you object to the Settlement. If finally approved, the Settlement resolves the Class's claims asserted against the Defendant.

There will be a hearing on the Settlement (the "Settlement Hearing") before the Hon. Steven M. Gold, United States Magistrate Judge, at 4:30 p.m. on January 16, 2018, in Courtroom 13-D of the United States Courthouse, 225 Cadman Plaza East. Brooklyn, New York.

**THE FOLLOWING RECITATION DOES NOT CONSTITUTE FINDINGS OF THE COURT AND SHOULD NOT BE UNDERSTOOD AS AN EXPRESSION OF ANY OPINION OF THE COURT AS TO THE MERITS OF ANY CLAIMS OR DEFENSES ASSERTED BY ANY OF THE PARTIES. IT IS BASED ON STATEMENTS OF THE PARTIES AND IS SENT FOR THE SOLE PURPOSE OF INFORMING YOU OF THE EXISTENCE OF THE LAWSUIT AND OF THE UPCOMING SETTLEMENT HEARING CONCERNING THE SETTLEMENT SO THAT YOU MAY MAKE APPROPRIATE DECISIONS AS TO STEPS YOU MAY, OR MAY NOT, WISH TO TAKE IN RELATION TO THE CLASS ACTION.**

## II.    BACKGROUND OF THE ACTION

The Class Action arises out of sales of shares in the Apple REITs by A7 and A8 pursuant to their respective DRIPs.  As part of the DRIPs, Defendant represented to Plaintiff and the Class that the DRIP sale price "[would] be based on the fair market value of [the REITs'] units as of the reinvestment date as determined in good faith by [their] board[s] of directors from time to time."[1] But Plaintiff alleges that, in reality, the $11.00 DRIP share sale price did not reflect a meaningful estimate of the underlying or realizable value of the units.  The Apple REITs further agreed to price the DRIP shares utilizing the most recent price at which an unrelated person had purchased units of the Apple REITs or, if that price was not indicative of fair value, to utilize good faith judgment in determining the share price of the DRIP.  Despite these agreements, throughout the life of the DRIPs, Apple REITs shares were consistently sold at an artificial price of $11 per share that did not reflect fair value.  It was not until March of 2013 that Defendant, for the first time, admitted in public filings that—despite representations that the boards of the Apple REITs would use the stated calculations to determine fair market value—the DRIP price was not actually based on any appraisal or valuation of the shares.

Plaintiff alleges that as a result of Defendant's misconduct, DRIP participants were overcharged for each share they received.  By virtue of Defendant's failure to follow the methodology in the S-3, Plaintiff and the Class were further damaged by receiving fewer Apple REITs shares in connection with the DRIPs than they would have received if the shares had been valued in good faith and in accordance with the methodology set forth in the Apple REITs' respective Form S-3's.

Plaintiff commenced this action on April 22, 2014 by filing a class action complaint against AHR and certain of its officers and directors in New York Supreme Court, Kings County. Defendant removed the action to this Court on May 19, 2014.  Plaintiff filed an Amended Complaint on June 27, 2014.  Defendant moved to dismiss the complaint, and Judge Irizarry granted Defendant's motion to dismiss but granted Plaintiff leave to amend her complaint to add further detail to her claim for breach of contract in an Order dated March 9, 2015.

Plaintiff filed a Second Amended Complaint on April 6, 2015, and Defendant again filed a motion to dismiss.  On September 30, 2016, Judge Irizarry issued a Memorandum Opinion granting in part and denying in part Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint.

In January 2017, the Parties engaged in a private mediation with Hon. Theodore H. Katz, U.S. Magistrate Judge (Ret.) and reached an agreement in principle to settle the Class Action on the terms that have now been preliminarily approved by the Court.

---

[1] *See* Apple REIT Seven, Inc., Registration Statement (Form S-3), at 9 (July 17, 2007); Apple REIT Eight, Inc., Registration Statement (Form S-3), at 8 (Apr. 23, 2008).

### III. SUMMARY OF SETTLEMENT TERMS AND FREQUENTLY ASKED QUESTIONS (FAQS)

Defendant will pay $5,500,000.00 in cash to resolve the claims of Plaintiff and the Class. The Class (and each member of the Class) is limited solely to the Settlement Fund for the satisfaction of all Released Claims against all Released Parties (which include Defendant and its predecessors Apple REIT Seven, Inc. and Apple REIT Eight, Inc. and affiliates, including but not limited to Apple Seven Advisors, Inc., Apple Eight Advisors, Inc., and Apple Fund Management, LLC, and the Apple REITs' present and former directors, partners, principals, officers, employees, agents, trustees, attorneys, insurers, reinsurers, parents, subsidiaries, affiliates, divisions, representatives, predecessors, administrators, and assigns).

Under the proposed Plan of Allocation, the proposed Settlement Administrator will calculate each Class Member's "Allowed Payment Amount" (share of the Net Settlement Fund) in the following matter:

85% of the Net Settlement Fund will be allocated to DRIP shares purchased between July 22, 2011 and January 13, 2012 for Apple REIT Seven and between July 22, 2011 and February 19, 2013 for Apple REIT Eight less any shares redeemed.

15% of the Net Settlement Fund will be allocated to DRIP shares purchased between July 17, 2007 and July 21, 2011 as well as January 14, 2012 to June 27, 2013 for Apple REIT Seven and April 23, 2008 to July 21, 2011 as well as February 20, 2013 to June 27, 2013 for Apple REIT Eight less any shares redeemed.

The Plan is not a part of or a condition of approval of the Settlement. Under the Agreement, the Net Settlement Fund may be distributed in accordance with the proposed Plan or such other plan as the Court may approve.

### Why Did I Get This Notice?

This Notice is being sent to you pursuant to an Order of the District Court because you, someone in your family, or an investment account for which you serve as a custodian may have acquired shares of the Apple REITs pursuant to the Apple REITs' DRIPs between July 17, 2007 and June 27, 2013. The District Court has directed us to send you this Notice because, as a potential Class Member, you have a right to know about your options before the District Court rules on the proposed Settlement. Additionally, you have the right to understand how a class action lawsuit may generally affect your legal rights. If the District Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Settlement Administrator selected by the Parties and approved by the Court will make payments pursuant to the Settlement and the court-approved Plan of Allocation after any objections and appeals are resolved. This Notice is also being sent to inform you of a hearing to be held by the District Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the Fee and Expense Application.

In a class action lawsuit, the court selects one or more people, known as class representatives, to sue on behalf of all people with similar claims, commonly known as the class or the class members.

A class action lawsuit is a type of lawsuit in which the claims of a number of individuals are resolved together, thus providing the class members with both consistency and efficiency. Once the class is certified, the court must resolve all issues on behalf of the class members, except for any Persons who choose to exclude themselves from the class. In this case, the District Court has appointed Susan Moses to serve as Class Representative, and has appointed the law firms of Salas Wang LLC, Eccleston Law, LLC, and Law Office of Christopher J. Gray, P.C. to serve as Interim Class Counsel. The District Court has also preliminarily certified this case to proceed as a class action, for settlement purposes only.

This Notice does not express any opinion by the District Court concerning the merits of any claim in the Class Action. The District Court must decide whether to approve the Settlement. If the Court approves the Settlement and the Plan of Allocation, payments to Class Members will be made after any appeals are resolved.

**What Does The Settlement Provide?**

Defendant shall cause to be delivered to Class Counsel, a check or wire transfer in the amount of $5,500,000.00, which will earn interest for the benefit of the Class (the "Settlement Fund"), and all Class Members who do not validly exclude themselves from the Class. The claims of all Class Members who do not timely exclude themselves will be released.

**Am I Included In The Settlement?**

You are included in the Class if you, or an investment account for which you serve as a custodian, acquired shares of the Apple REITs, specifically Apple REIT Seven, Inc. and Apple REIT Eight, Inc., pursuant to the Apple REITs' DRIPs between July 17, 2007 and June 27, 2013, inclusive.

**PLEASE NOTE: RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT FUND. IF YOU ARE A CLASS MEMBER, YOU WILL RECEIVE A VERIFICATION FORM SUBSEQUENT TO THIS NOTICE IF THE COURT APPROVES THE SETTLEMENT. TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU NEED NOT RESPOND TO THIS NOTICE OR TO THE VERIFICATION FORM. IF YOU DO NOT RESPOND TO OR DISPUTE THE VERIFICATION FORM, YOU WILL BE DEEMED TO HAVE CONSENTED TO THE TERMS OF THE SETTLEMENT. IF YOU DISPUTE THE ACCOUNT INFORMATION INCLUDED WITH THE VERIFICATION FORM, YOU MAY RESPOND TO THE SETTLEMENT ADMINISTRATOR PURSUANT TO INSTRUCTIONS THAT WILL BE INCLUDED IN THE VERIFICATION FORM.**

**What Might Happen If There Were No Settlement?**

If there were no Settlement, the litigation would proceed to judgment. If Plaintiff failed to establish any essential legal or factual element of her claims against the Defendant, neither she nor the Class would recover anything from the Defendant. Also, if the Defendant were successful in proving

any of its defenses, the Class could recover substantially less than the amounts provided in the Settlement, or nothing at all.

**What Is The Legal Effect Of The Settlement On My Rights?**

If you are a member of the Class, the Settlement will affect you. If the District Court grants final approval of the Settlement, the Class Action will be dismissed with prejudice and all Class Members will fully release and discharge the Defendant (and the other Released Parties) from all claims for relief arising out of or based on Plaintiff's allegations. When a Party to the litigation "releases" claims, that means that Party cannot sue the Defendant or the other Released Parties for any of the claims covered by the release. If you are a Class Member and you agree to a Verification Form (by not disputing the amounts on that Form), you will receive a payment based upon the distribution formula described below or as otherwise approved by the Court.

**What If I Purchased Shares After The Class Period?**

The Class Period covered by the Settlement runs from July 17, 2007 until June 27, 2013 inclusive, and the claims of all Settlement Class members concerning purchases of Apple REIT 7 and/or Apple REIT 8 shares during that period will be released under the terms of the Settlement unless Settlement Class members affirmatively exclude themselves and opt out of the Settlement Class. The period June 28, 2013 through February 12, 2014, which was formerly defined as part of the class period in Plaintiff's Second Amended Complaint, is not part of the Class Period covered by the Settlement. You will not receive any compensation for purchases of Apple REIT 7 and/or Apple REIT 8 shares between June 28, 2013 and February 12, 2014 in connection with the Settlement, and if you wish to pursue claims concerning purchases during this period you would need to commence a separate legal action within the applicable statute of limitations.

**What Will I Receive From The Settlement?**

At this time, it is not possible to determine precisely how much each Class Member may receive from the Settlement. However, using a conservative estimate assuming that every Class Member participates, and assuming that a request for attorneys' fees for the maximum potential sum permitted under the Settlement Agreement ($1.833 million) is granted, and that an application for reimbursement of expenses in the amount of $150,000 is granted, then Class Members would receive at least $1.26 per share for DRIP shares purchased between July 22, 2011 and January 13, 2012 for Apple REIT Seven and between July 22, 2011 and February 19, 2013 for Apple REIT Eight. Class members would receive at least $0.02 per share for DRIP shares purchased between July 17, 2007 and July 21, 2011 as well as January 14, 2012 to June 27, 2013 for Apple REIT Seven and April 23, 2008 to July 21, 2011 as well as February 20, 2013 to June 27, 2013 for Apple REIT Eight.

Pursuant to the Settlement, Defendant shall cause to be delivered to Lead Counsel a check or wire transfer in the amount of $5,500,000.00, which will be deposited into an interest-bearing escrow account. If the Settlement is approved by the District Court, the Net Settlement Fund (*i.e.*, the Settlement Fund less: (a) all federal, state, and local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying

taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing Notice to Class Members and administering the Settlement on behalf of Class Members; and (c) any attorneys' fees and expenses awarded by the District Court) will be distributed to Class Members as set forth in the proposed Plan of Allocation, or such other plan as the District Court may approve.

After approval of the Settlement by the District Court and upon satisfaction of the other conditions to the Settlement, the Net Settlement Fund will be distributed to Authorized Class Members in accordance with the Plan of Allocation approved by the District Court. Under the proposed Plan of Allocation, 85% of the Net Settlement Fund will be allocated to DRIP shares purchased between July 22, 2011 and January 13, 2012 for Apple REIT Seven and between July 22, 2011 and February 19, 2013 for Apple REIT Eight less any shares redeemed. 15% of the Net Settlement Fund will be allocated to DRIP shares purchased between July 17, 2007 and July 21, 2011 as well as January 14, 2012 to June 27, 2013 for Apple REIT Seven and April 23, 2008 to July 21, 2011 as well as February 20, 2013 to June 27, 2013 for Apple REIT Eight less any shares redeemed.

The Net Settlement Fund will not be distributed until the District Court has approved a plan of allocation, and the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, concerning the terms of the Settlement and the District Court's approval thereof, has expired.

Approval of the Settlement is independent from approval of the Plan of Allocation. Any determination with respect to the Plan of Allocation will not affect the Settlement, if approved.

After this notice, but prior to payment, you will receive a communication that includes a Verification Form from the Settlement Administrator with your distribution amount and the basis for that calculation. Unless you dispute that amount with the Settlement Administrator within the time stated in the letter, you will receive payment based on that calculation.

Unless the District Court otherwise orders, any Class Member who agrees to a valid Verification Form by not disputing the amount on the form prior to the date stated in the Verification Form, shall be fully and forever barred from receiving additional payments pursuant to the Settlement, but will in all other respects remain a Class Member and be subject to the provisions of the Settlement Agreement that is approved, including the terms of any judgment entered and releases given.

The District Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Class Member on equitable grounds.

Each Class Member shall be deemed to have submitted to the jurisdiction of the District Court with respect to his, her, or its Verification Form. Upon request of the Settlement Administrator, each Person that agrees to a Verification Form shall subject his, her, or its Claim to investigation as to his, her, or its status as a Claimant and the allowable amount of his, her, or its Claim. Disputes will be handled by the Settlement Administrator upon proof submitted supporting that dispute.

Persons that are excluded from the Class by definition or that exclude themselves from the Class will not be eligible to receive a distribution from the Net Settlement Fund.

### Proposed Plan of Allocation

85% of the Net Settlement Fund will be allocated to DRIP shares purchased between July 22, 2011 and January 13, 2012 for Apple REIT Seven and between July 22, 2011 and February 19, 2013 for Apple REIT Eight less any shares redeemed.

15% of the Net Settlement Fund will be allocated to DRIP shares purchased between July 17, 2007 and July 21, 2011 as well as January 14, 2012 to June 27, 2013 for Apple REIT Seven and April 23, 2008 to July 21, 2011 as well as February 20, 2013 to June 27, 2013 for Apple REIT Eight less any shares redeemed.

Payment pursuant to the Plan of Allocation, or such other plan as may be approved by the District Court, shall be deemed conclusive against all Authorized Class Members. No Person shall have any claim against Plaintiff, Interim Class Counsel, Defendant, or any of the other Released Parties, or the Settlement Administrator arising from distributions made substantially in accordance with the Settlement Agreement, the Plan of Allocation approved by the District Court, or further orders of the District Court. Except as otherwise provided in the Settlement Agreement, Plaintiff, Defendant, and their respective counsel, and all other Released Parties shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Funds, the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any Verification Form or nonperformance of the Settlement Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

The Plan of Allocation set forth herein is the plan that is being proposed by Plaintiff to the District Court for approval. The District Court may approve this Plan of Allocation as proposed or it may modify the Plan of Allocation without further notice to the Class. Any orders regarding a modification of the Plan of Allocation will be posted on the Settlement website, www.AppleReitSettlement.com.

### What If I Do Not Wish To Be Included In This Settlement?

If you do not wish to be included in the Class and you do not wish to participate in the Settlement, you may request to be excluded. To do so, you must timely submit a valid Request for Exclusion that must (a) be properly completed and postmarked on or before December 29, 2017, and (b) be signed by you or your authorized representative. The Court may request further documentation evidencing your holdings of Apple REITs shares if deemed necessary. The Request for Exclusion should be mailed to the address set forth in this Notice.

If you timely and validly request exclusion from the Class, (a) you will be excluded from the Class, (b) you will not share in the proceeds of the Settlement described herein, (c) you will not be bound by any judgment entered in the Action, and (d) you will not be precluded, by reason of your decision

to request exclusion from the Class, from otherwise prosecuting an individual claim, if timely, against the Defendants (or the Released Parties) based on the matters complained of in the Action.

**What If A Settlement Class Member Is Deceased?**

The authorized legal representative(s) of a Class Member may receive a recovery on behalf of the Class Member.

**What If I Held Apple REITs Shares On Someone Else's Behalf?**

If you held Apple REITs shares for the beneficial interest of a Class Member, you are requested to provide the names and addresses of such persons or entities to the Settlement Administrator. If you notify the Settlement Administrator of this information, the Settlement Administrator will send a copy of the Notice to the beneficial owners. Upon full compliance with this request, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Settlement Administrator with proper documentation supporting the out-of-pocket expenses for which reimbursement is sought.

**How And What Do I Do To Make Sure The Settlement Administrator Has My Correct Address?**

If your address changes from the address to which this Notice was directed, you must notify the Settlement Administrator of your new address as soon as possible. Failure to keep the Settlement Administrator informed of your address may result in the loss of any monetary award you might be eligible to receive. Please send your new contact information to the Settlement Administrator at the address listed below and include your old address, new address, new telephone number, date of birth (for natural persons), and appropriate tax identification number. These last two items are required so that the Settlement Administrator can verify that the address change is from an actual Class Member.

**What Are The Plaintiffs' and Counsels' Fees And Costs?**

At the Settlement Hearing, Lead Counsel will request that the District Court award attorneys' fees not to exceed one-third of the Settlement Fund, or $1.833 million, plus expenses in the amount of approximately $150,000 (inclusive of administration costs) which were incurred in connection with the litigation of the Class Action. Whatever amount is approved by the Court as legal fees and expenses will be paid from the Settlement Fund. To date, Lead Counsel has not received any payment for their services in conducting the Class Action, nor have Lead Counsel been reimbursed for their expenses. Lead Counsel will also request incentive awards to the class representative in recognition of her time, effort, and expense on behalf of the Class, in a sum not to exceed a total of $10,000 inclusive of administration costs.

**How Will the Notice Costs and Expenses Be Paid?**

Lead Counsel are authorized by the Settlement Agreement, as approved by the District Court, to use the Settlement Fund to pay the Settlement Administrator's fees and expenses incurred in

connection with giving notice, administering the Settlement, and distributing the Net Settlement Fund to Class Members.

## IV.    REASONS FOR THE SETTLEMENT

Plaintiff's counsel have conducted a thorough investigation of the claims and allegations asserted in the Class Action, as well as the underlying events relevant to the Class Action.

In evaluating the Settlement, Plaintiff and her counsel have considered: (a) the substantial benefits to the members of the Class from the Settlement; (b) the facts developed during Plaintiff's investigation and discovery; (c) the attendant risks of continued litigation and the uncertainty of the outcome of the Class Action; (d) the probability of success on the merits; and (e) the conclusion of Plaintiff's counsel that the terms and conditions of the Settlement are fair, reasonable, adequate and in the best interests of Plaintiff and the Class.

Defendant has denied, and continues to deny, that it or the Apple REITs (or their officers and directors) committed any breach of any contract, fiduciary duty, securities law or any other law, or engaged in any of the wrongful acts alleged in the Class Action, and expressly maintains that the Class Action is without merit and that Defendant is entering into the Settlement solely to eliminate the burden, expense, distraction and uncertainties inherent in further litigation.

Plaintiff has stated, and continues to state, that she brought her claims in good faith, that she believes that the claims had substantial merit at all relevant times, and that she is agreeing to the terms of the Settlement only because she believes that the Settlement provides a substantial benefit to the Class and has concluded that the terms of the Settlement are fair, reasonable and adequate and in the best interests of the Class.

The $5,500,000.00 in consideration payable by Defendant under the Settlement provides a substantial and immediate benefit to the Class. Although Lead Counsel believes that Plaintiff would be able to prove merit to the claims asserted in the case, there is a substantial risk that Class Members would not recover anything at all if the case were not settled.  If the case were to continue to be litigated, the Class would still need to establish the legal requirements for class certification under Fed. R. Civ. P. 23 by a preponderance of the evidence, and would also need to overcome various legal defenses in order to survive any dispositive summary judgment motions or recover at trial.

## V.     SUMMARY OF CLASS MEMBERS' LEGAL RIGHTS AND OPTIONS

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **DO NOTHING OR DISPUTE THE VERIFICATION FORM** | The Settlement Administrator will send a Verification Form with the basis for your payment calculation. You may dispute this amount by submitting documentation to the Settlement Administrator. The Settlement Administrator will determine the validity of that dispute and adjust payment if the dispute is valid.<br><br>If you do not dispute the payment amount prior to the date noted in the Verification Form, you will receive the payment amount shown on the Verification Form. |
| **EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A REQUEST FOR EXCLUSION FORM POSTMARKED NO LATER THAN DECEMBER 29, 2017** | If you exclude yourself from the Class, you will not be eligible to get any payment from the Net Settlement Fund. This is the only option that allows you to be part of any other lawsuit against the Defendant or the other Released Parties concerning the Released Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION NO LATER THAN DECEMBER 29, 2017** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the Fee and Expense Application, you may write to the District Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation, or the Fee and Expense Application unless you are a Class Member and do not exclude yourself. |
| **GO TO THE SETTLEMENT HEARING ON JANUARY 16, 2018 AT 4:30 P.M. AND FILE A NOTICE OF INTENTION TO APPEAR NO LATER THAN DECEMBER 29, 2017** | Filing a written objection and notice of intention to appear allows you to speak in the District Court about the fairness of the Settlement, the Plan of Allocation, and/or the Fee and Expense Application. If you submit a written objection, you may (but do not have to) attend the hearing and speak to the District Court about your objection. |
| | |

## VI.     YOUR RIGHT TO OPT OUT OF THE CLASS ACTION AND FILE YOUR OWN LAWSUIT

### How Can I Exclude Myself from the Settlement?

If you do not want to be legally bound by the settlement, you must exclude yourself by December 29, 2017. To do so, you must mail your written request for exclusion to the Settlement Administrator at the address below. Your written request for exclusion must include

your full name, address, telephone number, the last four digits of your Social Security Number, a statement that you wish to be excluded from the settlement, and it must be personally signed by you. If you exclude yourself, you will not receive money from this settlement, but you will retain your legal rights regarding any claims that you may have against the Released Parties regarding the claims asserted in this case.

**How Can I Object To The Settlement, Plan of Allocation, and Fee and Expense Application?**

Any Class Member who does not request exclusion may object to the Settlement, the proposed Plan of Allocation, and/or the Fee and Expense Application. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Eastern District of New York at the address set forth below on or before December 29, 2017. Your written objection should include all reasons for the objection, including any legal and evidentiary support you wish to bring to the Court's attention. The objection must also include your name, address, telephone number, the number and class of Apple REITs shares you held, and the number and class of Apple REITs shares that you purchased in the DRIPs. You must also serve the papers on designated representative Lead Counsel and Defendant's counsel at the addresses set forth below.

To be considered, your objection must be filed with the Office of the Clerk's Office no later than **December 29, 2017**, and sent to:

| Clerk's Office | Defendants' Counsel | Lead Counsel |
|---|---|---|
| Clerk of the Court<br><br>United States Court Eastern District of New York 225 Cadman Plaza East Brooklyn, New York 11201<br><br><br><br>Re: *Moses v. Apple Hospitality REIT, Inc.*,14-cv-03131 (DLI) (SMG) | MCGUIREWOODS, LLP Elizabeth F. Edwards, Esq. Gateway Plaza<br><br>800 East Canal Street Richmond, VA 23219 | SALAS WANG LLC Jeffrey M. Salas, Esq. 73 West Monroe, Suite 219 Chicago, IL 60603<br><br>ECCLESTON LAW, LLC, James J. Eccleston, Esq., 55 W. Monroe, Suite 610 Chicago, IL 60603<br><br>LAW OFFICE OF CHRISTOPHER J. GRAY, P.C. Christopher J. Gray, Esq. 360 Lexington Ave., 14th Fl. New York, NY 10017 |

You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first filed and served a written objection in accordance with the procedures described above, unless the District Court orders otherwise.

If you file an objection to the Settlement, Plan of Allocation, and/or the Fee and Expense Application you also have a right to appear at the Settlement Hearing either in person or through counsel hired by you at your own expense. You are not required, however, to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, or the Fee and Expense Application, and if you file and serve a timely written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on the Settlement Administrator at the address set forth above. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance, the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.

**Unless the District Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation and the Fee and Expense Application. Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

### What Rights Am I Giving Up By Remaining In The Class?

If you remain in the Class, you will be bound by any orders issued by the District Court. For example, if the District Court approves the Settlement, the District Court will enter the Final Order and Judgment. The Final Order and Judgment will dismiss with prejudice the claims against the Defendant, and will provide that, upon the Effective Date of the Settlement, Plaintiff and each of the other members of the Class on behalf of themselves, their respective heirs, executors, administrators, predecessors, successors, and assigns, among others, shall be deemed by operation of law to have fully granted and completely discharged, dismissed with prejudice, settled and released, and agreed to be barred by a permanent injunction from the assertion of, Released Claims against any of the Released Parties and their attorneys.

 "Released Claims" shall mean any and all manner of claims, demands, actions, suits, causes of action, damages whenever incurred, liabilities of any nature and kind whatsoever, including without limitation costs, expenses, penalties and attorneys' fees, known or unknown, suspected or unsuspected, in law or equity, that each and every Class Member (including any of their past, present or future parents, subsidiaries, divisions, affiliates, stockholders, and each and any of their respective stockholders, officers, directors, insurers, general or limited partners, agents, attorneys, employees, legal representatives, trustees, associates, heirs, executors, administrators, purchasers, predecessors, successors and assigns, acting in their capacity as such) may have, ever had, now has, or hereafter can, shall or may have, directly, representatively, derivatively or in any other capacity, against the Released Parties arising out of any conduct or claims alleged in any Complaint in this Action, including, without limitation, claims which have been asserted or could have been asserted in this litigation arising under any federal or state securities law or regulation, or common law, including, without limitation, any breach of contract, breach of good faith, breach of fiduciary duty, or any other tort.

"Released Parties" shall mean the Defendant and its predecessors Apple REIT Seven, Inc. and Apple REIT Eight, Inc. (the "Apple REITs") and affiliates, including but not limited to Apple Seven Advisors, Inc., Apple Eight Advisors, Inc., and Apple Fund Management, LLC, , and the Apple REITs' present and former directors, partners, principals, officers, employees, agents, trustees, attorneys, insurers, reinsurers, parents, subsidiaries, affiliates, divisions, representatives, predecessors, administrators, and assigns.

"Unknown Claims" means any claim that any Class Member does not know or suspect exists in his, her, or its favor at the time of the Release as against the Released Parties, including without limitation those which, if known, might have affected the decision to enter into the Settlement. Upon the Effective Date of the Settlement Agreement, each Class Member shall be deemed to have, and by operation of the final order and judgment by the Court shall have, expressly waived, relinquished, and released any and all provisions, rights, and benefits conferred by or under California Civil Code § 1542 or any law of the United States or any state of the United States or territory of the United States, or any principle of common law or foreign law, which is similar, comparable or equivalent to § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

## VII.  CLASS ACTION DETERMINATION

The Court has ordered that the Class Action shall be preliminarily certified as a class action for purposes of the Settlement only, pursuant to Rule 23 of the Federal Rules of Civil Procedure. At the Settlement Hearing, the Court will consider, among other things, whether the Class should be certified permanently.

## VIII.  THE SETTLEMENT HEARING

The Court has scheduled the Settlement Hearing to be held January 16, 2018 at the time identified in Section I above to determine: (a) whether the Court should finally approve the Settlement as fair, reasonable and adequate to the Class; (b) whether to enter judgment dismissing the Class Action with prejudice and extinguishing and releasing the Released Claims; (c) whether the Class should be permanently certified pursuant to Rule 23 or the Federal Rules of Civil Procedure; (d) whether the Court should finally certify Plaintiff as the Class Representative in the Class Action and Interim Class Counsel as Class Counsel in the Class Action; (e) if the Court approves the Settlement, whether the Court should grant Plaintiff's application for payment of attorneys' fees and reimbursement of expenses; and (f) to consider such other matters as may properly come before the Court.

The Court may postpone, reschedule or adjourn the Settlement Hearing without further notice to the Class other than by filing a notice on the docket in the Class Action in advance of the Settlement Hearing, or by making an announcement at the Settlement Hearing or any adjournment thereof. The Court also has reserved the right to approve the Settlement at or after

the Settlement Hearing with such modification(s) as may be consented to by the Parties and without further notice to the Class.

## IX.    YOUR RIGHT TO APPEAR AND OBJECT

Any member of the Class who objects to any aspect of the Settlement, certification of the Class, entry of the Final Order and Judgment, and/or Plaintiff's counsel's application for payment of attorneys' fees and expenses, or who otherwise wishes to be heard, may appear in person by his, her or its attorney at the Settlement Hearing and present evidence or argument that may be proper and relevant; provided, however, that, except for good cause shown, no person shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the judgment to be entered thereon, and no papers or briefs submitted by any member of the Class or any other person shall be received and considered by the Court, unless, not later than December 29, 2017, such person files with the Court and serves upon all of the counsel listed below, at the addresses listed below, a written objection.  The objection must include all reasons for the objection, including any legal and evidentiary support you wish to bring to the Court's attention.  The objection must also include the Class member's name, address, telephone number, the number and class of Apple REITs shares that the Class member held, the number and class of Apple REITs shares that the Class member purchased in the DRIPs, and the dates of purchase of the DRIP shares. *See also* Section VI *supra*.

## X.    FINAL ORDER AND JUDGMENT OF THE COURT

If following the Settlement Hearing the Settlement is approved by the Court as fair, reasonable and adequate, the Parties will jointly request that the Court enter a Final Order and Judgment which will, among other things: (a) certify the Class Action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the Class; (b) determine that the requirements of the Federal Rules of Civil Procedure and due process have been satisfied in connection with the Notice provided to the Class; (c) certify Plaintiff Susan Moses, as Class Representative and Interim Class Counsel as Class Counsel in the Class Action; (d) approve the Settlement as fair, reasonable and adequate to the Class; (e) dismiss the Class Action with prejudice on the merits, as against Defendant, without costs except as herein provided, and release Defendant and any other of the Released Parties from the Released Claims; and (f) determine any payment of attorneys' fees and expenses incurred by Plaintiff.

## XI.    THE APPLICATION FOR ATTORNEYS' FEES AND EXPENSES

At the Settlement Hearing, Lead Counsel will request that the District Court award attorneys' fees not to exceed one-third of the Settlement Fund (or $1.833 million) plus expenses in the amount of approximately $150,000 (inclusive of administration costs) which were incurred in connection with the litigation of the Class Action. Whatever amount is approved by the Court as legal fees and expenses will be paid from the Settlement Fund.  To date, Interim Class Counsel has not received any payment for their services in conducting the Class Action, nor have they been reimbursed for their expenses. Plaintiff will also request an incentive award to the class representative in recognition of her time, effort, and expense on behalf of the Class, in a sum not to exceed a total of $10,000.

**XII.    SCOPE OF THIS NOTICE**

This Notice is not all-inclusive. The references in this Notice to the pleadings in the Class Action, the Stipulation of Settlement and all other papers or proceedings herein are only summaries and do not purport to be comprehensive. For the full details of the Class Action, the claims that have been asserted in the Class Action and the terms and conditions of the Settlement, including a complete copy of the Stipulation of Settlement and related Orders and proposed forms of Orders, you are referred to the Court file for the Class Action (accessible at www.AppleReitSettlement.com).

* * *

This Notice is a summary and does not describe all of the details of the Settlement.  For precise terms and conditions of the Settlement, you may review the Stipulation of Settlement filed with the District Court, as well as the other pleadings and records of this litigation, which may be inspected during business hours, at the office of the Clerk of the Court, Eastern District of New York, 225 Cadman Plaza East, Room 130, Brooklyn, New York 11201.  You may also access all of the significant documents filed with the District Court at www.AppleReitSettlement.com.

If you have any questions about the settlement of the Class Action, you may contact Interim Class Counsel at the addresses and telephone numbers below.

**DO NOT TELEPHONE OR WRITE THE DISTRICT COURT OR THE OFFICE OF THE CLERK OF THE COURT REGARDING THIS NOTICE**

BY ORDER OF THE U.S. DISTRICT COURT,

EASTERN DISTRICT OF NEW YORK

SALAS WANG LLC
Jeffrey M. Salas
John C. Wang
73 West Monroe, Suite 219
Chicago, IL 60603
(312) 803-4963
(312) 244-3151 (fax)

ECCLESTON LAW, LLC
James J. Eccleston
Stephany D. McLaughlin
55 W. Monroe, Suite 610
Chicago, IL 60603
(312) 332-0000
(312) 332-0003 (fax)

LAW OFFICE OF CHRISTOPHER J. GRAY, P.C.
Christopher J. Gray
360 Lexington Avenue, 14th Floor
New York, New York 10017
(212) 838-3221
(212) 937-3139 (fax)

**PLEASE DO NOT CALL OR WRITE THE COURT WITH GENERAL INQUIRIES.**

# APPENDIX "B"

| | |
|---|---|
| SUSAN MOSES, on behalf of herself and all others similarly situated, | Case No.1:14-cv-03131 (SMG) |
| Plaintiff, | |
| v. | |
| APPLE HOSPITALITY REIT, INC., | |
| Defendant. | |

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

**To:    ALL PERSONS IN THE UNITED STATES WHO ACQUIRED SHARES OF APPLE REIT SEVEN AND/OR APPLE REIT EIGHT PURSUANT TO THE APPLE REITS' DISTRIBUTION REINVESTMENT PLANS (DRIPs) BETWEEN JULY 17, 2007 AND JUNE 27, 2013 INCLUSIVE.**

**PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Eastern District of New York, that the above-captioned litigation (the "Action") has been certified as a class action on behalf of the Settlement Class, except for certain persons and entities who are excluded from the Settlement Class by definition as set forth in the full printed Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that the Plaintiff in the Action, on behalf of herself and the other members of the Settlement Class, have reached a proposed settlement of the Action for $5,500,000 in cash (the "Settlement").  If the Settlement is approved by the Court, it will resolve all claims in the Action.

A hearing will be held on January 16, 2018 at 4:30 p.m., before the Honorable Steven M. Gold, United States Magistrate Judge, at the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201, Courtroom 13-D, to determine: (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation and Agreement of Settlement dated August 25, 2017 (and in the Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Lead Counsel's application for an award of attorneys' fees and reimbursement of litigation expenses should be approved.

The Class Period covered by the Settlement runs from July 17, 2007 until June 27, 2013 inclusive, and the claims of all Settlement Class members concerning purchases of Apple REIT 7 and/or Apple REIT 8 shares during that period will be released under the terms of the Settlement unless Settlement Class members affirmatively exclude themselves and opt out of the Settlement Class. The period June 28, 2013 through February 12, 2014, which was formerly defined as part of the class period in Plaintiff's Second Amended Complaint, is **not part of the Class Period covered by the Settlement. You will not receive any compensation for purchases of Apple REIT 7 and/or Apple REIT 8 shares between June 28, 2013 and February 12, 2014 in connection with the Settlement,** and if you wish to pursue claims concerning purchases during this period you would need to commence a separate legal action within the applicable statute of limitations.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund**. If you have not yet received the Notice, you may obtain copies of these documents by contacting the Claims Administrator by writing to: Apple Hospitality REIT Settlement, c/o KCC Class Action Services, P.O. Box 404033, Louisville, KY 40233-4033, calling (866) 860-8925, or by e-mail to info@applereitsettlement.com. Copies of the Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator, www.applereitsettlement.com.

At this time, it is not possible to determine precisely how much each Class Member may receive from the Settlement. However, using a conservative estimate assuming that every Class Member participates, and assuming that a request for attorneys' fees for the maximum potential sum permitted under the Settlement Agreement ($1.833 million) is granted, and that an application for reimbursement of expenses in the amount of $150,000 is granted, then Class Members would receive at least $1.26 per share for DRIP shares purchased between July 22, 2011 and January 13, 2012 for Apple REIT Seven and between July 22, 2011 and February 19, 2013 for Apple REIT Eight. Class members would receive at least $0.02 per share for DRIP shares purchased between July 17, 2007 and July 21, 2011 as well as January 14, 2012 to June 27, 2013 for Apple REIT Seven and April 23, 2008 to July 21, 2011 as well as February 20, 2013 to June 27, 2013 for Apple REIT Eight.

The Settlement Administrator will send a Verification Form with the basis for your payment calculation. You may dispute this amount by submitting documentation to the Settlement Administrator. The Settlement Administrator will determine the validity of that dispute and adjust payment if the dispute is valid.

If you do not dispute the payment amount prior to the date noted in the Verification Form, you will receive the payment amount shown on the Verification Form.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is postmarked no later than December 29, 2017, in accordance with the instructions set forth in the Notice.  If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement. Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, must be filed with the Court and delivered to Lead Counsel and Defendant's Counsel, postmarked no later than December 29, 2017, in accordance with the instructions set forth in the Notice.

Exclusions should be made to:

> Apple REIT Settlement
> c/o KCC Class Action Services
> 3301 Kerner Boulevard
> San Rafael, CA 94901
> info@applereitsettlement.com
> www.applereitsettlement.com

**Please do not contact the Court, the Clerk's office, Apple Hospitality REIT Inc., or Defendant's counsel regarding this notice.  All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to the Claims Administrator or Lead Counsel.**

All other inquiries should be made to Lead Counsel:

Jeffrey M. Salas, Esq.
SALAS WANG LLC
73 W. Monroe, Suite 219
Chicago, IL 60603
312.803.4963

By Order of the Court