UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUSAN MOSES, on behalf of herself all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>APPLE HOSPITALITY REIT, INC.,<br><br>Defendants. | Civil Case No.:  14-CV-3131 (DLI)(SMG) |

**NOTICE OF INTENTION TO APPEAR AND OBJECTION OF CLASS MEMBER TO PROPOSED CLASS ACTION SETTLEMENT**

Class member Objector Dorothy Wenzel, a DRIP participant in connection with her ownership of Apple REIT 8 stock, hereby objects to the proposed settlement of this action. Objector intends to appear at the settlement hearing by counsel and present witnesses and other evidence as to the inadequacy of the settlement consideration. Objector requests that the Court deny approval of the proposed settlement and permit objector to appear and be heard at the settlement hearing and to present evidence in the form of documents and testimony.

Objector also objects to the procedure for objecting to the proposed settlement. The parties have induced the Court to set a schedule that requires any class members to object or opt-out of the settlement *before* the settling parties have submitted *any* evidentiary support for the adequacy or fairness of the settlement. Nor have the settling parties submitted any evidence to support the Plan of Allocation which treats Apple REIT 7 and Apple REIT 8 DRIP participants equally, and then subdivides the class into a group to receive 85% of the settlement proceeds and another group to receive only 15% of the proceeds. Indeed, no rationale for either the fairness of the settlement consideration or the split of the settlement proceeds (i.e. 85% / 15%) set forth in

1

Plan of Allocation has been articulated beyond the bare parameters of the settlement and Plan. Thus, as of the date of the objection and opt out deadlines, neither class members nor the Court have any sufficient basis upon which to understand and vet the fairness of the settlement. Nor is objector able to frame fully articulated objections.

Objector requests the right to submit supplemental objections and memorandum of law after the parties to the settlement have submitted their reply to this objection (due January 5, 2018) and after the parties to the settlement have submitted any evidentiary support for the fairness and adequacy of the proposed settlement.

The grounds for the objection are as follows:

1. The SEC has documented the overvaluation of the DRIP Shares and the merits of those claims. *See In The Matter of Apple REIT Eight, Inc et al SEC Admin Proceeding No 3-15750* (attached here as Exhibit A). According to the SEC, A-7 Shareholders reinvested $124.5 million in dividends in A-7 stock at $11 per share pursuant to the DRIP program. While A-8 Shareholders reinvested $99 million in dividends in A-8 stock at $11 per share.

2. The total settlement consideration for the A-7 and A-8 classes is $5.5 million from which will be deducted Moses' counsel litigation expenses of approximately $120,000 including administration expenses and a maximum attorney's fees award of 30%. Assuming approval on those terms, the amount available for distribution to class members will be approximately $3.7 million.

3. The proposed settlement recovery is a tiny fraction of the estimated damages:
    a. Objector has commissioned a preliminary damage estimate to attempt to evaluate the settlement. It is attached as Exhibit B. It is necessarily preliminary and in

"draft" form due to the inability to obtain actual records that may have been available to Moses for its estimates. That preliminary estimate shows damages of $91.9 Million for the A-7 DRIP shares and $86.1 million for the A-8 DRIP Shares for a total of $178.0 million.

    b. According to Moses' own supplemental letter to the motion for preliminary approval (Docket No. 52), the DRIP shares were overvalued by approximately $8 per share (75% of DRIP price paid) to $5.50 per share (50% of DRIP price paid). The Declaration of Justin R. Huges dates August 21, 2017 (Docket 62), indicates there are approximately 20.9 million "unredeemed" DRIP shares.

4. Moses' damages estimated have been inconsistent and illogical.

    a. In their Memorandum of Law For Preliminary Approval, Moses' counsel reported that damages were estimated at $22.1 million to $40.6 million. Docket No. 61 at 15. However, at the initial hearing for preliminary approval, Moses' counsel reported that their preliminary estimate of class damages as $40 million to $80 million. See Docket No. 61, footnote 10. The large range of damages estimated ($20 million to $80 million) undermines its credibility.

    b. Further undermining the credibility of Moses' damage estimate is the Claims Administrators' declaration of unredeemed shares in the Class. See *Supra* at 3b. Under Moses' current damage estimate, each share suffered only $1-$2 per share of damage, an absurdly low amount given that Moses' counsel reported to the court earlier that (See Docket No. 52) DRIP Shares were overvalued by $5.50 to $8 per share. If there were 20.9 million unredeemed shares, the damages are approximately $110 million to $168 million using Moses' counsel's numbers.

3

Objector respectfully requests that settlement approval be denied.

Dated: December 29, 2017

Respectfully submitted,

By: /s/ Olimpio Lee Squitieri
    Olimpio Lee Squitieri
SQUITIERI & FEARON, LLP
32 East 57th Street
12th Floor
New York, New York 10022
Tel: (212) 421-6492
Fax: (212) 421-6553
lee@sfclasslaw.com

**ATTORNEYS FOR OBJECTOR**